## Grow v. Grow.

(Decided November 30, 1910.)

### Appeal from Garrard Circuit Court.

Appeals—Jurisdiction—Amount in Controversy.—Where on appeal in a divorce case appellant asked an allowance of $250 for her attorney, and was allowed $100, clearly the amount in controversy is only $150. together with an uncertain amount in costs, which cannot be considered on the question of jurisdiction. As the question of divorce was decided on a former appeal, and there is nothing before the court now but a judgment for money, the amount in controversy being less than $200, exclusive of interest and costs, it follows that appellee's motion to dismiss the appeal must prevail.

W. I. WILLIAMS for appellant.

WILLIAM HERNDON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing.

On May 19th, 1908, appellant, Peachie B. Grow instituted this action against appellee, Francis Breckenridge Grow, for the purpose of obtaining a divorce and having their property rights adjusted. The trial court refused to grant appellant a divorce. Thereupon appellant prosecuted an appeal to this court. Being of the opinion that appellant was entitled to a divorce, this court reversed the judgment of the trial court (Grow v. Grow, 134 Ky. 816.) This court also held that appellee was entitled to the sum of $500.00, to be paid by appellant out of such stocks and personalty as were on hand at the date of their separation. The case was then remanded for proceedings consistent with the opinion. Upon the return of the case the chancellor awarded appellant a divorce, but directed that each party pay his own costs. Appellant also asked an allowance of $250.00 for her attorney. After hearing evidence on the question, the trial court fixed the attorney's allowance at $100.00. From so much of the judgment as directs that each party pay his own costs and fixes the attorney's fee at $100.00, this appeal is prosecuted.

Before the rendition of the judgment, appellee contended that the former judgment of this court was not conclusive of the question of property rights, and that there was other property not on appellant's farm that he was entitled to. This question was decided adversely to appellee. From that judgment appellee was granted, and has been allowed, a cross appeal.

Appellee has made a motion to dismiss the appeal on the ground that the amount in controversy is not sufficient to give this court jurisdiction.

Section 950, Ky. Stats., is as follows:

"No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than two hundred dollars, exclusive of interest and cost, nor to reverse a judgment granting a divorce or punishing contempt, nor from any order or judgment of a county court, except in actions for the division of land and allotment of dower, nor from any order or judgment of a quarterly, city, police, fiscal or justice's court, nor from a bond having the force of a judgment. In all other cases, the court of appeals shall have appellate jurisdiction over the final orders and judgments of all courts."

As appellant asked for an allowance of $250.00 for her attorney, and was allowed only $100.00, manifestly the amount in controversy is only $150.00, together with

an uncertain amount in costs which cannot be considered. As the question of divorce was decided on a former appeal and there is nothing before us but a judgment for money, where the amount in controversy is less than $200.00, exclusive of interest and costs, it necessarily follows that appellee's motion to dismiss the appeal must prevail, and it is so ordered. This carries with it the dismissal of the cross-appeal.