## McDonald v. McDonald.

(Decided November 7, 1913).

### Appeal from Bell Circuit Court.

1. Appeal—Dismissal—Grounds — Want of Actual Controversy.—Husband and Wife.—Where, pending an appeal from a judgment dismissing the petition of the wife in an action against the husband for alimony, the parties settled and adjusted the claim asserted and the motion to dismiss the appeal is resisted, not by the wife but by her counsel, the appeal will be dismissed upon the ground of want of actual controversy.

2. Appeal—Husband and Wife—Jurisdiction.—Even if the appeal could be treated as one prosecuted by the wife for the purpose of recovering of the husband a reasonable fee for the benefit of her attorney, the amount of fee claimed by him being less than two hundred dollars, the appellate court would be without jurisdiction to entertain the appeal.

A. G. PATTERSON for appellant.

J. D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Dismissing appeal.

This action was instituted by the appellant against the appellee in the Bell Circuit Court, October 8, 1912, for alimony; a divorce not being asked. Appellee's answer contained a plea in abatement, it being therein alleged that appellant was not a resident of Bell County, for which reason the circuit court of that county was without jurisdiction to grant the relief prayed in the petition. Proof was taken in support of the plea in abatement and, upon the submission of the case, the circuit court sustained the plea and dismissed the action. From that judgment this appeal was prosecuted.

Appellee has entered a motion to dismiss the appeal, and in support of the motion filed a certified copy of a judgment of the Knox Circuit Court, rendered January 8, 1913, in an action wherein the appellant, Mae McDonald, was plaintiff and the appellee, V. C. McDonald, defendant, which judgment divorced appellant from the bonds of matrimony into which she had previously entered with appellee, restored her to all the rights and privileges of an unmarried woman, including her maiden name, Mae Davidson, and required of appellee the payment of her costs in the action. In addition to the certified copy of the judgment referred to, appellee also filed a certified copy of a written compromise and settlement entered into between himself and appellant December 23, 1912, whereby it was agreed that appellant would dismiss this appeal; that appellee would dismiss an action, then pending in the Knox Circuit Court which he had brought against her for a divorce; that he would turn over to her certain personal property mentioned in the writing; and that he would pay to her $200.00; $40.00 cash in hand, $60.00 in a certified cashier's check on the First National Bank of Barbourville, payable January 15, 1913. For the remaining $100.00 appellee executed to her a bankable note payable on or before the first day of January, 1914, without interest. Appellee also assumed the payment of $15.00 of whatever fee appellant would have to pay the attorney who brought for her the suit for alimony in the Bell Circuit Court, later appealed to this court. In addition to the agreement on the part of appellant to dismiss, in this court, the appeal prosecuted from the judgment of the Bell Circuit Court, she obligated herself, by the writing in question, to file in the Knox Circuit Court an action against appellee for divorce and prosecute same, in good faith, to judgment, without asking for alimony or an allowance *pendente lite.*

Pursuant to the above agreement, appellant brought suit against the appellee in the Knox Circuit Court for a divorce and, after taking proof in support of the grounds alleged therefor, obtained the divorce, as shown by the certified copy of the judgment of the Knox Circuit Court filed, as before stated, in this court. It is not claimed by appellant that appellee has failed to comply with any obligation imposed upon him by the agreement in question. Indeed, the agreement, except as to the dismissal in this court of the appeal taken from the judgment of the Bell Circuit Court, seems to have been carried out by the parties according to its terms.

Appellant is not resisting the motion of appellee to dismiss the appeal from the judgment of the Bell Circuit Court, but such resistance is made by the attorney who represented her in the case in the Bell Circuit Court and in taking the appeal, the grounds of such resistance on his part being stated in a written response which he has filed to the motion to dismiss. The response is subscribed and sworn to by the attorney alone. It is not therein claimed that the respondent represents appellant in opposing the motion to dismiss the appeal; on the contrary, it is, in substance, stated in the response that it would be a great injustice to him (the attorney) to dismiss the appeal upon the showing made in support of the motion; that he was not consulted and had no notice of the settlement between the parties contained in the written agreement of December 23, 1912; that the attorney representing appellant in the suit for a divorce from her husband which she brought in the Knox Circuit Court, was not employed in and had no connection with the action in the Bell Circuit Court which resulted in the appeal to this court; that the $15.00 which appellee obligated himself in the written agreement of December 23, 1912, to pay of the fee due him for his services as attorney for appellant in the action in the Bell Circuit Court, is wholly inadequate to compensate him for such services; and that he expended of his own money, in court costs in the Bell Circuit Court and for copying the transcript for the appeal prosecuted from the judgment of the Bell Circuit Court, $16.00, which the written agreement between appellant and appellee makes no provision for repaying him. Finally, the response concludes with the following statement: "He says that if this honorable court should elect to dismiss this case upon the showing made he should be protected to the extent that

a reasonable attorney fee be secured to him to be paid by the appellee under the proceeding and in the Bell Circuit Court, including a judgment for costs against the appellee. He says that the sum of $100.00 is reasonable for the services rendered by him herein in the preparation of this case, and that same should be directed to be allowed by the lower court in the event this appeal is dismissed to be paid by the appellee, V. C. McDonald.''

It is manifest that opposition to the dismissal of the appeal does not come from the appellant, and equally manifest that the attorney's opposition arises out of his belief that such dismissal would operate to deprive him of the fee to which he feels he is entitled for the services he rendered appellant in the action brought by her in the Bell Circuit Court. The attorney's right to a fee cannot be affected by the dismissal of the appeal taken from the judgment of the Bell Circuit Court. That question is not before us for adjudication; nor could the reversal of the judgment of the Bell Circuit Court affect the rights of appellant and appellee as to the question of divorce. The divorce has been granted the former in another action, and from that judgment of divorce there is, and can be, no appeal.

With the question of divorce out of the way, what is there before us but the question of the right of appellant's attorney to a fee for services rendered by him in appellant's behalf in the action in the Bell Circuit Court? and this question, as before stated, we cannot decide even if the appeal from the judgment of the Bell Circuit Court could be treated as one prosecuted by appellant for the purpose of recovering of appellee a reasonable fee for the benefit of her attorney, because the amount of the fee claimed by him is only one hundred dollars. Section 950, Kentucky Statutes, provides: ''No appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than two hundred dollars exclusive of interest and costs.'' * * * Grow v. Grow, 140 Ky., 841.

Being of the opinion that the right of the appellee to a dismissal of the appeal is fully supported by the record filed as a basis of his motion therefor and the failure of appellant to show cause against the dismissal, his motion is sustained and the appeal is hereby dismissed.